1  RYAN L. EDDINGS, Bar No. 256519
   ANDREW H. WOO, Bar No. 261120
2  LAURA E. STECKER, Bar No. 314064
   LITTLER MENDELSON, P.C.
3  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
4  Telephone: (559) 244-7500
   Facsimile: (559) 244-7525
5  Email: reddings@littler.com
          awoo@littler.com
6         lstecker@littler.com

7  Attorneys for Defendant
   MAGNA LEGAL SERVICES, LLC
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI GUYNN-NEUPANE on behalf of herself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>MAGNA LEGAL SERVICES, LLC; WILKINS RESEARCH SERVICES, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT MAGNA LEGAL SERVICES, LLC'S NOTICE OF REMOVAL**<br><br><br><br>Complaint Filed: April 10, 2019<br>Trial Date: TBD |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

Defendant MAGNA LEGAL SERVICES, LLC, a limited liability company ("Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this lawsuit from the Superior Court of the State of California, County of Monterey County Superior Court, to the United States District Court for the Northern District of California.  In support of its Notice of Removal, Defendant respectfully submits to this Honorable Court:

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Defendant Magna Legal Services, LLC's Notice of Removal

## I.   PLEADINGS, PROCESSES, AND ORDERS

1. On or about April 10, 2019, Plaintiff NAOMI GUYNN-NEUPANE ("Plaintiff") filed an action in the Monterey County Superior Court entitled *NAOMI GUYNN-NEUPANE on behalf of herself and all similarly situated employees v. MAGNA LEGAL SERVICES, LLC; WILKINS RESEARCH SERVICES, LLC,* Monterey County Case No. 19CV001474. A true and correct copy of the Complaint is attached to the Declaration of Ryan L. Eddings ("Eddings Decl.") at paragraph 2, Exhibit A.

2. Plaintiff's Complaint purportedly asserts nine causes of action for: 1) failure to provide meal periods, 2) failure to provide rest periods, 3) failure to pay hourly and overtime wages, 4) failure to pay minimum wage, 5) failure to comply with itemized employee wage statement requirements, 6) failure and refusal to pay agreed wages, 7) failure to pay all wages upon termination, 8) failure to pay wages timely, and 9) unfair business practices.

3. More specifically, Plaintiff contends that she was not compensated for all hours worked, was not paid overtime, were not paid wages on time, was not provided with meal or rest breaks required by law, was not paid compensation for missed meal and rest breaks, was not paid full wages owed at the end of their employment, and was not provided with complete and accurate wage statements as required by law. (Compl. ¶ 17.) Plaintiff alleges that a uniform policy required employees to work five hours or more in a single day without meal breaks (Compl. ¶ 18), a uniform policy required employees to work without duty-free rest periods of at least ten minutes for every four hours worked (Compl. ¶ 19), a uniform policy required employees to work more than eight hours a day and/or forty hours a week without overtime (Compl. ¶ 20), the applicable Wage Order was not posted at the job site (Compl. ¶ 21), employees consistently did not receive complete and accurate wage statements and Defendant did not maintain complete and accurate wage records (Compl. ¶ 22), employees were not paid wages owed (Compl. ¶¶ 23, 25), and employees did not receive all owed wages at termination (Compl. ¶ 24).

4. In addition to the named Plaintiff's own claims, Plaintiff seeks to represent several subclasses defined as:

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

Defendant Magna Legal Services, LLC's Notice of Removal

> Unpaid Wages Subclass: All current and former employees of Defendants who worked for Defendants in California and who were not paid for all hours worked at any time within four (4) years before the commencement of this action through the date of the order granting class certification.
>
> Meal Period Subclass: All current and former employees of Defendants who worked for Defendants in California and who were paid an hourly wage and who did not receive a compliant meal period at any time within four (4) years before the commencement of this action through the date of the order granting class certification.
>
> Rest Period Subclass: All current and former employees of Defendants who worked for Defendants in California and who were paid an hourly wage and who did not receive a compliant rest period at any time within four (4) years before the commencement of this action through the date of the order granting class certification.
>
> Non-Compliant Wage Statement Subclass: All current and former employees who are or were employed by Defendants in California and who were paid any wages and who did not receive a wage statement from Defendants at any time beginning one (1) year before the commencement of this action through the date of the order granting class certification.

(Compl. ¶ 28.)

5.   True and correct copies of the Complaint, Summons, Civil Case Cover Sheet, General Denial, and Notice of Judicial Assignment and CMC are attached to the Declaration of Ryan L. Eddings at paragraph 2-3, Exhibits A-E.

6.   Plaintiff served Defendant with the documents attached as Exhibits A-C to the Declaration of Ryan L. Eddings on April 15, 2019. (See Eddings Decl., ¶ 2, Exhibits A-C.)

7.   On May 10, 2019, prior to removal, Defendant filed an answer to Plaintiff's Complaint in the Monterey County Superior Court. A true and correct copy of Defendant's answer is attached to the Declaration of Ryan L. Eddings, at paragraph 3, Exhibit D.

8.   Other than the court proceedings and documents attached to the Declaration of Ryan L. Eddings as Exhibits A through E, Defendant is not aware of any further proceedings or filings regarding this case in Monterey County Superior Court.

## II.   VENUE IS PROPER

9.   This action was filed in Monterey County Superior Court. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3.

Defendant Magna Legal Services, LLC's Notice of Removal

§§ 84(c)(2), 1391(a), and 1441(a).  Venue is also proper because jurisdiction is based on the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  See 28 U.S.C. § 1391(b).

### III. DEFENDANT'S REMOVAL IS TIMELY

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely in that it has been filed by Defendant within thirty (30) days after Defendant was served with the Complaint.[1]  (See Eddings Decl. ¶ 2, Ex. A.)

### IV. STATEMENT OF CAFA JURISDICTION

11. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1441 and 1446.

12. As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because: (a) it is a civil class action; (b) there is diversity between at least one class member and Defendants; (c) the proposed class contains at least 100 members; (d) Defendants are not a state, state official, or other governmental entity; and (3) the total amount in controversy for all class members exceeds $5,000,000.

#### A. This is a Class Action

13. This action has been styled as a class action pursuant to California Code of Civil Procedure § 382.  (Complaint, ¶¶ 28-36.)  Section 382 is a California statute authorizing an action to be brought by one or more representative persons as a class action, similar to Federal Rule of Civil Procedure 23.

///

---

[1] Thirty days from the date of service on April 15, 2019 is May 15, 2019.

4.

Defendant Magna Legal Services, LLC's Notice of Removal

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**B.     Diversity of Citizenship**

14. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which at least one of the defendants is not a citizen. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

15. Plaintiff resided and worked in California during the period relevant to their lawsuit. (Compl. ¶ 4.) Plaintiff is, therefore, a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

16. Defendant MAGNA LEGAL SERVICES, LLC is a limited liability company organized under the laws of the State of Pennsylvania, whose principal place of business is located in the State of Pennsylvania. (Declaration of Maria Capetola ["Capetola Decl."], at ¶ 3.) The sole member of Defendant MAGNA LEGAL SERVICES, LLC is MLS INTERMEDIATE HOLDINGS, LLC, a limited liability company organized under the laws of the State of Delaware. (Capetola Decl. ¶¶4-5.)

17. A Limited Liability Corporation is a citizen of any state of which any member of the company is a citizen. Accordingly, Defendant MAGNA LEGAL SERVICES, LLC is deemed a citizen of the State of Delaware, as its sole member is a limited liability company organized under the State of Delaware.

18. Accordingly, Plaintiff is a citizen of a state in which at least one of the defendants, Defendant MAGNA LEGAL SERVICES, LLC, is not a citizen. Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**C.     The Proposed Class Contains at Least 100 Members**

19. The total number of individuals who were retailed by Defendant that fall within the subclasses defined by Plaintiff (Unpaid Wages Subclass, Meal Period Subclass, Rest Period Subclass, and Non-Compliant Wage Statement Subclass, within four years prior to the filing of Plaintiff's Complaint (April 10, 2015) is approximately 2,592. (Capetola Decl., ¶8.) Thus, the putative class is well over the 100-person minimum required for CAFA jurisdiction.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5.

Defendant Magna Legal Services, LLC's Notice of Removal

### D.  Defendants Are Not Governmental Entities

20. Defendant MAGNA LEGAL SERVICES, LLC is not a state, state official, or other governmental entity. (Capetola Decl., ¶9.)

21. Defendant WILKINS RESEARCH SERVICES, LLC is not a state, state official, or other governmental entity. (Lisa Wilkins Decl., ¶ 4.)

### E.  Amount in Controversy for CAFA Jurisdiction

22. Plaintiff's Complaint is silent with respect to the amount in controversy for themselves and the putative class in the aggregate. Under CAFA, where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so: "…when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554.

23. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe, if anything. Lewis v. Verizon Comm., Inc., 627 F. 3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (emphasis added); Schiller v. David's Bridal, Inc., 2010 WL 2793650, *6, *27-28  (E.D. Cal. 2010) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes of CAFA); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal) (citations omitted); <u>Ibarra v. Manheim Investments, Inc.</u>, 775 F. 3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.").

24.   Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from Plaintiff's claims.  However, for purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages, penalties, or other relief, it is readily apparent that the aggregated claims of the putative class an amount in controversy in excess of the jurisdictional minimum of $5,000,000.00, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).[2]

### 1.   Amount in Controversy for Missed Meal Period Claims ($72,005.76)

25.   Plaintiff seeks to recover damages associated with their claims for missed meal periods. (Compl. ¶¶ 37-44.) Pursuant to the applicable IWC Wage Order and California Labor Code, Plaintiffs seek to recover one additional hour of pay at their regular rates of pay for each work day that required a meal period and a meal period was not provided. (See Compl. ¶ 41.)

26.   The Supreme Court of California has held that the statute of limitations on actions for missed meal periods is three years, <u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal.4th 1094, 1114 (2007), potentially expanded to four years via Plaintiffs' claim for unfair competition, <u>see</u> <u>Cortez v. Purolator Air Filtration Products Co.</u>, 23 Cal.4th 163, 177-78 (claims for wages unlawfully withheld can be recovered in an unfair competition law claim, with its four year statute of limitations).

///

---

[2] Per <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 553 (2014), Defendant need only provide allegations that plausibly support the conclusion that the jurisdictional requirements for removal have been met, and need not submit evidence with a notice of removal.  The allegations in this notice of removal provide a rough estimate of the amount in controversy in order to demonstrate that the jurisdictional minimum has been met.  Per <u>Dart Cherokee</u>, Defendant possess the right to supplement these allegations with additional and more specific evidence of the amount in controversy if Plaintiff challenges removal.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7.

Defendant Magna Legal Services, LLC's Notice of Removal

27. Within the statute of limitations period (April 10, 2015 to the present), approximately 2,592 jury researchers retained by Defendants. (Capetola Decl., ¶8.) The jury researchers worked at minimum one shift, earning approximately $225-$300 per shift. (Capetola Decl., ¶8.) It is Defendant's contention that the jury researchers retained by Defendant are properly classified as independent contractors, and not employees. (Capetola Decl., ¶7.) However, based upon the allegations in Plaintiff's complaint, Plaintiff contends that she and all other jury researchers retained by Defendant should have been classified as employees of Defendant and all jury researchers retained by Defendant are members of the putative class defined by Plaintiff. (Capetola Decl., ¶7.) Accordingly, approximating an hourly amount, a jury researcher could receive anywhere from approximately $27.78 to $33.33 per hour. (Capetola Decl., ¶8.)

28. For purposes of removal, Defendant assumes that each jury researcher missed at least one meal period. This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that Defendant maintained a uniform policy requiring individuals to work without receiving a meal period. (Compl. ¶ 18.)

29. Given 2,592 approximate jury researchers and one shift worked per jury researcher, the amount placed in controversy by Plaintiff's minimum meal period claim is, at a minimum, $72,005.76 (2,592 approximate jury researchers x $27.78 approximate minimum per hour calculation x 1 day worked). The actual amount in controversy would exceed this estimate to the extent that individuals worked more than one shift for Defendant.

**2.     Amount in Controversy for Missed Rest Period Claims ($72,005.76)**

30. Plaintiff seeks to recover damages associated with their claims for missed rest periods. (Compl. ¶¶ 37-44.) Pursuant to the applicable IWC Wage Order and California Labor Code, Plaintiffs seek to recover one additional hour of pay at their regular rates of pay for each work day that required a rest period and a rest period was not provided. See Complaint, ¶ 51.

31. The Supreme Court of California has held that the statute of limitations on actions for missed rest periods is three years, Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1114 (2007), potentially expanded to four years via Plaintiffs' claim for unfair competition, see Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 177-78 (claims for wages

8.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Defendant Magna Legal Services, LLC's Notice of Removal

unlawfully withheld can be recovered in an unfair competition law claim, with its four year statute of limitations).

32. For purposes of removal, Defendant assumes that each jury researcher missed at least one rest period. This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that Defendant maintained a uniform policy requiring individuals to work without receiving a rest period. (Compl. ¶ 19.)

33. Given 2,592 approximate jury researchers and one shift worked per jury researcher, the amount placed in controversy by Plaintiff's minimum wage claims is, at a minimum, $72,005.76 (2,592 approximate jury researchers x $27.78 approximate minimum per hour calculation x 1 day worked). The actual amount in controversy would exceed this estimate to the extent that individuals worked more than one shift for Defendant.

**3.    Amount in Controversy for Unpaid Wages Claims ($72,005.76)**

34   Plaintiff seeks to recover damages associated with their claims of unpaid overtime and unpaid minimum wages. (Compl. ¶¶ 53-79.)

35. The Supreme Court of California has held that the statute of limitations for unpaid wages is three years, extended to four when unpaid wages are sought pursuant to a claim under California's Unfair Competition Law. Cortez v. Purolator Air Filtration Products, Co., 23 Cal.4th 163, 178-79.

36. For purposes of removal, Defendant assumes that each jury researcher performed 1 hour of uncompensated work every day they worked. This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that employees were required to record an uncompensated one-hour meal period while continuing to perform compensable work. (See Compl. ¶ 73.)

37. Given 2,592 approximate jury researchers and one shift worked per jury researcher, the amount placed in controversy by Plaintiff's minimum wage claims is, at a minimum, $72,005.76 (2,592 approximate jury researchers x $27.78 approximate minimum per hour calculation x 1 day worked). The actual amount in controversy would exceed this estimate to the extent that the uncompensated hour of work was to be paid at overtime rates, as Plaintiff alleges in

9.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

the Complaint.

**4.     Amount in Controversy for Wage Statement Claims ($5,328,000.00)**

38.     Plaintiff seeks to recover damages associated with their claims of inaccurate wage statements. (Compl. §§ 80-91.)

39.     The statute of limitations on actions under Labor Code section 226 is one year. See Cal. Civ. Proc. Code § 340(a); Blackwell v. SkyWest Airlines, Inc., 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Labor Code § 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under Code of Civil Procedure § 340(a)).

40.     Within the statute of limitations period (April 10, 2018 to the present), approximately 1,332 jury researchers were retained by Defendants. (Capetola Decl., ¶ 8.)

41.     For purposes of removal, Defendant assumes each putative class member is entitled to recover for at least one violation. This is based upon Plaintiff's allegation that Defendant regularly and consistently failed to provide putative class members with complete and accurate wage statements. (Compl. ¶ 84.) Labor Code § 226(e) provides aggrieved employees with a statutory penalty equal to the greater of actual damages or $50 for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, up to a maximum of $4,000 per employee.

42.     Applying a maximum penalty of $4,000 per employee, for a putative class of approximately 1,332, the amount in controversy for Plaintiff's wage statement claims is, at a minimum, $5,328,000.00 (1,332 approximate jury researchers x $4,000 maximum recovery per employee).

**5.     Amount in Controversy for Unpaid Wages at Termination ($16,200,000.00)**

43.     Plaintiff seeks to recover damages associated with their claims for unpaid wages owed at termination. (Compl. §§ 102-107.) Plaintiffs seek recovery of the penalty established by California Labor Code section 203, which provides that the wages of such employees "…shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

10.

Defendant Magna Legal Services, LLC's Notice of Removal

44.     The Supreme Court of California has held that the statute of limitations on actions for waiting time penalties is three years. <u>Pineda v. Bank of America, N.A.</u>, 50 Cal.4th 1389, 1398-1401 (2010).

45.     Within the statute of limitations period (April 10, 2016 to the present), approximately 2,160 putative class members have been discharged from any alleged employment relationship with Defendant.

46.     For purposes of removal, Defendant assumes that each of the 2,160 putative class members who have been terminated from employment is entitled to recover waiting time penalties for 30 days at the same daily rate they earned while employed. Therefore, the aggregate amount of penalties in controversy would be approximately $16,200,000.00 (2,160 approximate jury researchers x approximately $250 per day x 30 days worked).

### 6.     Amount in Controversy for Attorneys' Fees ($500,000.00)

47.     Plaintiffs also seek attorneys' fees. Attorneys' fees must be included when assessing the amount in controversy for removal purposes. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees awards in California wage and hour class actions can total hundreds of thousands of dollars or more. <u>See, e.g.</u>, <u>Willner v. Manpower Inc.</u>, 2015 U.S. Dist. LEXIS 80697, at *30 (N.D. Cal. June 20, 2015) (awarding $2.625 million in attorneys' fees in class action involving allegations that employer failed to provide accurate wage statements and timely wage payments in violation of the California Labor Code on behalf of class of 20,000 temporary workers); <u>Pellegrino v. Robert Half Int'l, Inc.</u>, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in case involving wage statement and exemption misclassification claims, but reversing as to multiplier); <u>Amaral v. Cintas Corp. No. 2</u>, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving alleged wage statement violations and violations of a living wage ordinance, unfair competition and contract claims); <u>Jasso v. Money Mart Express, Inc.</u>, 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees."). The Court should therefore consider attorneys' fees of at least $500,000 as part of the amount in controversy.

11.

Defendant Magna Legal Services, LLC's Notice of Removal

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**7.     Total Amount in Controversy**

48.     Plaintiff's claims for meal periods, rest periods, unpaid wages, wage statements, and waiting time penalties place at least the following amounts in controversy:

| | | |
|---|---|---|
| a. | Meal Periods: | $72,005.76 |
| b. | Rest Periods: | $72,005.76 |
| c. | Unpaid Wages: | $72,005.76 |
| d. | Wage Statements: | 5,328,000.00 |
| e. | Waiting Time Penalties: | $16,200,000.00 |
| f. | Attorneys' Fees: | $500,000.00 |

49.     Defendant denies Plaintiff's claims of wrongdoing and deny that Plaintiff and putative class members can recover any monies. However, the facial allegations in Plaintiff's Complaint establish that the total amount in controversy significantly exceeds CAFA's minimum threshold.

**V.     NOTICE TO PLAINTIFF AND THE STATE COURT**

50.     Promptly after filing this Notice of Removal in the United States District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of such filing will be served on Plaintiffs' counsel of record. (Eddings Decl., ¶4.) In addition, a copy of the Notice of Removal will be promptly filed with the Clerk of the Court for Monterey County Superior Court. (Eddings Decl., ¶4.)

WHEREFORE, having provided notice as required by law, Defendants request that the above referenced action be removed from the Merced County Superior Court to this Court, that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action, and that this Court assume jurisdiction over this matter.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

12.

Defendant Magna Legal Services, LLC's Notice of Removal

1  Dated: May 15, 2019

3               */s/ Laura E. Stecker*
                RYAN L. EDDINGS
4               ANDREW H. WOO
                LAURA E. STECKER
5               LITTLER MENDELSON, P.C.
                Attorneys for Defendant
6               MAGNA LEGAL SERVICES, LLC

7  FIRMWIDE:163972688.1 999999.3014

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

13.

Defendant Magna Legal Services, LLC's Notice of Removal