B. James Fitzpatrick, Esq. (SBN: 129056)
Charles Swanston, Esq. (SBN: 181882)
FITZPATRICK & SWANSTON
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile:  (831) 755-1319

Howard L. Magee (SBN: 185199)
Larry W. Lee (SBN: 228175)
Kristen Agnew (SBN: 247656)
Nicholas Rosenthal (SBN: 268297)
DIVERSITY LAW GROUP, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff,
NAOMI GUYNN-NEUPANE on behalf of herself
and all other similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI GUYNN-NEUPANE on behalf of herself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>MAGNA LEGAL SERVICES, LLC; WILKINS RESEARCH SERVICES, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-02652-VKD<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY** |

COMES NOW Plaintiff NAOMI GUYNN-NEUPANE, who on behalf of herself and all other similarly situated current and former employees of Defendant MAGNA LEGAL SERVICES, LLC and WILKINS RESEARCH SERVICES, LLC, and members of the public, complain and allege as follows:

1.     As used herein, the term "Plaintiff" includes NAOMI GUYNN-NEUPANE, who is the named Plaintiff and Class Representative herein.

2.     Plaintiff and the Class Members alleged herein (collectively, "Class Members") seek

-1-

1    remedies for all compensation and penalties due to the Class Members during the "Class Period,"

2    which is defined as the period of time beginning four (4) years before the commencement of this

3    action through the date on which final judgment is entered, based upon information and belief that

4    Defendant is continuing and will continue the unlawful employment practices as described herein.

5           3.      Each of the Class Members are identifiable, similarly-situated persons and are now

6    or at some point during the Class Period were, employed by Defendant.  Plaintiff reserves his right

7    to seek additional amendments of this Complaint to add as a named Plaintiff some or all of the

8    persons who are members of the Plaintiff Class.

9           4.      Plaintiff NAOMI GUYNN-NEUPANE is a competent adult who is, and at all times

10   mentioned in this complaint has been, a resident of Monterey County, State of California.  Plaintiff

11   was employed by Defendants in February 2019, pursuant to an unwritten contract, some of the

12   terms of which were the product of an oral agreement, with other terms implied from or

13   incorporated from written materials and policies maintained by Defendant and from the conduct of

14   the parties. Plaintiff's at all times was an employee not exempted from the California Labor Code

15   and/or the applicable IWC Wage Order. Plaintiff is and at all relevant times was an individual as

16   defined in Business and Professions Code §§ 17201 and 17204.

17          5.      Defendant MAGNA LEGAL SERVICES, LLC ("MLS") is, and at all times

18   mentioned in this complaint has been, a limited liability company incorporated under the laws of the

19   State of Pennsylvania.  Defendant MLS has expressly consented to jurisdiction in California, and

20   Plaintiff is informed and believes and thereon alleges that Defendant MLS has purposefully availed

21   itself of the privileges and benefits of doing business in the County of Monterey, State of California,

22   and thus is subject to jurisdiction in the County of Monterey, in the State of California.

23          6.      Defendant WILKINS RESEARCH SERVICES, LLC ("WRS") is, and at all times

24   mentioned in this complaint has been, a limited liability company incorporated under the laws of the

25   State of Tennessee.  Defendant WRS has expressly consented to jurisdiction in California, and

26   Plaintiff is informed and believes and thereon alleges that Defendant WRS has purposefully availed

27   itself of the privileges and benefits of doing business in the County of Monterey, State of California,

28   and thus is subject to jurisdiction in the County of Monterey, in the State of California.

*Guynn-Neupane v. Magna Legal Services, LLC*          First Amended Class and Representative Action
Case No. 5:19-cv-02652-VKD                            Complaint; Demand for Jury Trial

7. Plaintiff and the Class Members are ignorant of the true names, identities, capacities and relationships of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff and the Class Members are informed and believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the Class Members' damages as herein alleged were proximately caused by DOES 1 through 50. Plaintiff and the Class Members will amend this Complaint to allege the true names and capacities of said DOE Defendants when such information is ascertained. Each reference to "Defendants," and each reference to any particular Defendant herein, shall be construed to refer to all Defendants, including, but not limited to, all of those fictitiously named herein as a "DOE" Defendant, and each of them.

8. Plaintiff and the Class Members are informed and believe, and thereon allege, that each of the Defendants herein was at all times relevant to this action the agent, employee, representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and that each of the Defendants herein was at all times acting within the course and scope of that relationship. Plaintiff and the Class Members are further informed and believe, and thereon allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of each of the remaining Defendants herein. The conduct of each of the Defendants was at all times herein in accordance with and represents the official policy of Defendants. Additionally, at all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants, which proximately caused the damages herein alleged. Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of the Defendants jointly employed the Plaintiff and Class Members herein and/or carried out a joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable to the other Defendants such that they are deemed a single integrated enterprise and agents of one another so that all Defendants are each jointly and severally liable for the acts and omissions hereinafter alleged.

9. Defendants MLS, WRS and DOES 1 through 50 (collectively referred to herein as "Defendants") are, and at all times herein were, "persons" as defined in California Business and

1    Professions Code § 17201.

2         10.     Throughout the Class Period, Defendants directly or indirectly, or through an agent

3    or representative, exercised control over the wages, hours and/or working conditions of the Plaintiff

4    and the Class Members, and directly or indirectly or through an agent or other person engaged,

5    suffered, or permitted Plaintiff and the Class Members to work.

6                              **JURISDICTION AND VENUE**

7         11.     As set forth in Defendant Magna Legal Services, LLC's Notice of Removal,

8    Defendant contends that this Court has jurisdiction over these claims pursuant to the Class

9    Action Fairness Act, 28 U.S.C. § 1332(d), as Defendant is not a citizen of California and the

10   amount in controversy exceeds $5 million.  Plaintiff takes no position on the accuracy of

11   Defendant's contentions and Plaintiff reserves the right to file a motion for remand.

12        12.     Defendant Magna Legal Services, LLC filed the Notice of Removal to this Court

13   and, thus, Defendant contends that this Court is the proper venue for this action.

14                             **GENERAL ALLEGATIONS**

15        13.     Defendants now, and at all times during the Class Period did, own, operate and

16   control research centers that employ persons within the meaning of IWC Wage Order No. 4-2001

17   and California Code of Regulations, title 8, section 11040.

18        14.     Defendants now, and at all times during the Class Period did, recruit, solicit, hire,

19   employ and furnish employment, and qualify as an employer pursuant to IWC Wage No. Order 4-

20   2001 and title 8 of the California Code of Regulations, section 11040 (hereinafter collectively

21   referred to as "the Wage Order"), which applies to occupations in the professional, technical,

22   clerical, mechanical and similar occupations and controls the wages and several of the working

23   conditions of persons employed by Defendants.

24        15.     At all times relevant herein, Plaintiff and the Class Members were employees of

25   Defendants under the California Labor Code and were protected by to the provisions of the Wage

26   Order.

27        16.     At all times relevant herein, Plaintiff and the Class Members were employees of

28   Defendants under the California Labor Code and were nonexempt, and therefore subject to the

-4-

1    provisions of the Wage Order.

2        17.    At all times relevant herein, Plaintiff worked for Defendants without the provision of

3    being compensated for all hours worked, without being paid overtime, without being paid all wages

4    on time, working without meal or rest breaks as required by law, without being compensated for

5    missed meal and break breaks, without being paid the full payment of wages owed at the end of her

6    employment, and without having been provided with complete and accurate wage statements as

7    required by law.

8        18.    At all times relevant herein, Defendants maintained and enforced a uniform policy

9    of requiring Plaintiff and the Class Members to work shifts of five hours or more within a single

10   workday without providing a thirty (30) minute uninterrupted duty-free meal period within five (5)

11   hours of the beginning of their shift.  Defendants also failed to pay Plaintiff and the Class Members

12   one hour of pay at Plaintiff's and Class Members' regular rate of compensation as required by

13   California Labor Code § 226.7 and the Wage Order for each meal period that was not provided.

14       19.    At all times relevant herein, Defendants maintained and enforced a uniform policy

15   by which they repeatedly failed to authorize, permit and provide Plaintiff and the Class Members

16   with paid duty-free rest periods of at least ten (10) consecutive uninterrupted minutes during which

17   Plaintiff and the Class Members were relieved of all duties for every four (4) hours worked or major

18   fraction thereof and which were counted as hours worked for which there would be no deduction

19   from wages, and failed to compensate Plaintiff and the Class Members one (1) hour of wages  at

20   their regular rate of compensation as required by California Labor Code § 226.7 and the Wage

21   Order for each rest period not provided.

22       20.    At all times relevant herein, Defendants maintained and enforced a uniform policy

23   by which they regularly and consistently required Plaintiff and the Class Members to work more

24   than eight hours in a single workday and more than 40 in a workweek, and failed to pay overtime

25   premium wages of one and one-half times the employee's regular rate of pay.

26       21.    At all times relevant herein, the applicable Wage Order was not posted at the jobsite

27   and Plaintiff and the Class Members were not made aware that the Wage Order was available for

28   review by the Defendants.

22.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently failed to provide Plaintiff and the Class Members with complete and accurate itemized wage statements stating the total hours worked, overtime hours worked, gross wages earned, net wages earned, all applicable rates of pay and the corresponding number of hours worked under each rate, all deductions, wages owed for missed rest and meal periods, and accurate accounting for all wages paid to Plaintiff and the Class Members.  Defendants also failed to record in ink or other identifiable form all deductions from wages showing the month, day and year, and failed to keep a copy of the statements and records of deductions for three years at the place of employment or at a central location in the State of California. Defendants also failed to keep accurate information with respect to each employee, including full name, home address, occupation, birth date, time records showing when the employee begins and ends each work period, meal periods, total daily hours worked and total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

23.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ §§ 201, 202, 204, 216, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay wages to Plaintiff and the Class Members.

24.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, and 203 by failing to pay Plaintiff and the Class Members all owing and unpaid wages no later than 72 hours after they voluntary resigned their employment, or, when their employment was involuntary terminated, immediately on their last day of employment.

25.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, 204, 218, 1194, 1198, 1199 and the Wage Order by failing to pay Plaintiff and the Class Members for all hours worked, minimum wages, overtime premium wages for all overtime hours worked, compensation for missed meal and rest periods.

26.     Plaintiff and the Class Members are informed and believe, and thereon allege, that at

-6-

1    all times herein mentioned, Defendants were advised by skilled lawyers and other professionals,

2    employees and advisors knowledgeable about California labor and wage law, employment and

3    personnel practices, and about the requirements of California law.  Plaintiff and the Class Members

4    are informed and believe, and thereon allege, that at all times during the Class Period, Defendants

5    knew or should have known each of the following:

6         a.    That Plaintiff and the Class Members were entitled to receive an

7    uninterrupted 30-minute meal period before working more than five hours, and, if such meal periods

8    were not provided to them, they were entitled to the payment of one additional hour of pay at their

9    regular rate of pay, and that Plaintiff and the Class Members were not being provided such meal

10   periods and were not receiving one additional hour of pay at their regular rate of pay on occasions

11   when such meal periods were not so provided;

12        b.    That Defendants were obligated to authorize, permit and provide to Plaintiff

13   and the Class Members one 10-minute duty-free rest period for every four hours or major fraction

14   thereof worked, and, if such rest period were not so provided, Defendants were required to pay

15   Plaintiff and the Class Members one additional hour of pay at their regular rate of pay, and that

16   Defendants did not authorize, permit and provide such rest periods and, on such occasions, did not

17   provide Plaintiff and the Class Members with one additional hour of pay at their regular rate of pay;

18        c.    That Plaintiff and the Class Members were entitled to receive premium

19   overtime wages for the overtime hours they worked and that Plaintiff and the Class Members were

20   in fact not receiving premium overtime wages for such overtime hours;

21        d.    That Plaintiff and the Class Members were entitled to receive their agreed

22   wage, and no less than minimum wage, as compensation for any and all hours worked by them and

23   that, in violation of the California Labor Code, they were not in fact receiving either their agreed

24   wages or at least minimum wage for any and all hours they worked;

25        e.    That Plaintiff and the Class Members were entitled to receive compensation;

26        f.    That Plaintiff and the Class Members were entitled to receive complete and

27   accurate wage statements in accordance with California law, and that, in violation of the California

28   Labor Code, Plaintiff and the Class Members were not provided complete and accurate wage

-7-

*Guynn-Neupane v. Magna Legal Services, LLC*          First Amended Class and Representative Action
Case No. 5:19-cv-02652-VKD                                    Complaint; Demand for Jury Trial

1   statements;

2           g.      That Defendants failed and refused to pay Plaintiff and the Class Members

3   agreed wages;

4           h.      That Plaintiff and the Class Members were entitled to timely payment of

5   wages during their employment, and that Plaintiff and the Class Members did not receive payment

6   of all wages, including but not limited to, meal and rest period premium wages, overtime wages,

7   minimum wages and agreed hourly wages within permissible time periods; and

8           i.      That Plaintiff and the Class Members were entitled to timely payment of all

9   owing and unpaid wages upon termination of their employment, and that Plaintiff and the Class

10  Members did not receive payment of all wages, including but not limited to, overtime wages,

11  minimum wages, meal and rest period premium wages and agreed hourly wages within permissible

12  time periods after termination of their employment.

13          27.     California Labor Code § 218 states that nothing in Article I of the Labor Code shall

14  limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under

15  this Article."

16                              **CLASS ACTION ALLEGATIONS**

17          28.     Plaintiff brings this action on behalf of herself, the general public, and all other

18  similarly situated persons as a class action pursuant to Code of Civil Procedure § 382 and

19  Federal Rules of Civil Procedure 23.  All claims alleged herein arise under California law for

20  which Plaintiff seeks relief authorized by California law.  Plaintiff seeks to represent a class

21  composed of and defined as follows:

22          A.      Unpaid Wages Subclass:
                    All current and former employees of Defendants who
23                  worked for Defendants in California and who were not
                    paid for all hours worked at any time within four (4)
24                  years before the commencement of this action through
                    the date of the order granting class certification.
25

26          B.      Meal Period Subclass:
                    All current and former employees of Defendants who
27                  worked for Defendants in California and who were
                    paid an hourly wage and who did not receive a
28                  compliant meal period at any time within four (4)

-8-

years before the commencement of this action through the date of the order granting class certification.

C.  <u>Rest Period Subclass:</u>
All current and former employees of Defendants who worked for Defendants in California and who were paid an hourly wage and who did not receive a compliant rest period at any time within four (4) years before the commencement of this action through the date of the order granting class certification.

D.  <u>Non-Compliant Wage Statement Subclass:</u>
All current and former employees who are or were employed by Defendants in California and who were paid any wages and who did not receive a wage statement from Defendants at any time beginning one (1) year before the commencement of this action through the date of the order granting class certification.

29.     Plaintiff reserves the right to amend or modify the class description with greater specificity, further division into subclasses or with limitations to particular issues.

30.     This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 and Federal Rules of Civil Procedure 23 because the questions of law and fact at issue herein are common and of general interest to Plaintiff and the Class Members, the parties are numerous, and it would be impracticable to bring the claims alleged herein before the court as individual claims or through some other than a class action.

A.     **<u>Numerosity</u>**

31.     The Class Members are so numerous that joinder of all the members of the class is not feasible and not practical. While the precise number the Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the Class Period regularly employed, more than 100 employees in California in hourly wage or otherwise non-exempt positions.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all members of the proposed class is not practicable, and individual damages for each member is not anticipated to be sufficiently high to allow for practical resolution through individualized litigation.

**B.**     **Commonality and Predominance**

32.     There are questions of law and fact common to each Class Member that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.     Whether Defendants violated California Labor Code §§ 226.7 and 512 and the Wage Order by failing to provide a 30 minute duty-free meal period within the first five hours of each workday to Plaintiff and the Class Members on days they worked in excess of five hours, and failing to compensate Plaintiff and the Class Members one hour of wages at their regular rate of pay for each such missed meal period that was not provided;

b.     Whether Defendants violated Labor Code § 226.7 and the Wage Order by failing to provide a paid 10 minute duty-free rest period to Plaintiff and the Class Members for every four hour work period or major fraction thereof, by either not paying wages to Plaintiff and the Class Members or reducing their wages for time spent during any rest period that was provided, and by failing to compensate Plaintiff and the Class Members one hour of wages for such missed and/or unpaid/underpaid rest periods;

c.     Whether Defendants violated Labor Code §§ 1194 and 1198 and the Wage Order by failing to pay Plaintiff and the Class Members the appropriate premium overtime wages for all overtime hours worked;

d.     Whether Defendants violated Labor Code §§ 1197 and 1197.1 by failing to pay Plaintiff and the Class Members at least minimum wage as compensation for any and all hours worked;

e.     Whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the information required by Labor Code § 226;

f.     Whether Defendants violated California Labor Code §§ 201, 202, 204, 216, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed wages for all work performed by them;

g.     Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by

-10-

1  failing to timely pay Plaintiff and the Class Members all wages for work performed by them during

2  their employment and failing to timely pay Plaintiff and the Class Members at the end of their

3  employment all wages for work performed by them during their employment;

4          h.       Whether Defendants violated Labor Code §§ 201, 202, and 204 by failing to

5  timely pay Plaintiff and the Class Members for all wages and hours worked during their

6  employment;

7          i.       Whether Defendants failed to pay Plaintiff and the Class Members agreed

8  wages;

9          j.       Whether Defendants' failure to pay wages, and premiums in accordance with

10  the California Labor Code and the Wage Order was willful;

11          k.       Whether Defendants violated Labor Code § 1198 and the Wage Order for

12  failing to keep accurate records with respect to each employee;

13          l.       Whether Defendants' conduct as alleged throughout this complaint was

14  willful or reckless;

15          m.     The appropriate amount of damages, restitution and/or monetary penalties

16  resulting from Defendants' violations of California law;

17          n.       Whether Plaintiff and the Class members are entitled to equitable relief,

18  including but not limited to, injunctive and declaratory relief, pursuant to Business and Professions

19  Code §§ 17200 et seq.; and

20          o.       Whether Defendants violated Business and Professions Code §§ 17200 et

21  seq., by failing to provide meal and rest periods mandated by Labor Codes § 226.7, 512 and the

22  Wage Order; by failing to compensate Plaintiff and the Class Members one (1) hour of pay for meal

23  periods and rest periods that were not provided; by failing to pay regular and overtime wages for all

24  hours worked; by failing to pay minimum wage; failing to provide complete and accurate wage

25  statements to Plaintiff and the Class Members in accordance with Labor Code § 226; by failing to

26  pay agreed wages; by failing to pay Plaintiff and the Class Members all wages due upon termination;

27  and by failing to timely provide all wages due to Plaintiff and the Class Members.

28  ///

**C.    Typicality**

33.    The claims of Plaintiff are typical of the claims of the Class Members.  Plaintiff and the Class Members sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of statutes, common law, wage orders and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff has a well-defined community of interest with the Class Members and are qualified to, and will, fairly and adequately protect the interests of each Class Member.

**D.    Adequacy of Representation**

34.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff acknowledges Plaintiff's obligation to make known to the Court any relationship, conflict or difference with any Class Member.  Plaintiff has incurred and throughout this action will continue to incur, costs and attorney's fees necessarily expended for the prosecution of this action for the substantial benefit of each Class Members. Counsel who represents Plaintiff is competent and experienced in litigating class actions, versed in the rules governing class action discovery certification, settlement and trial, and will vigorously and competently pursue the claims of Plaintiff and the Class Members.

**E.    Superiority**

35.    The nature of this action makes the use of class action adjudication superior to other methods.  The class action will achieve economies of time, effort and expense as compared with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent outcomes because the same issues will be adjudicated in the same manner and at the same time for the entire class.

**F.    Public Policy Consideration**

36.    Employers in the State of California violate employment and labor laws on a daily basis.  Employees are often intimidated and afraid to assert their rights out of fear that they will be subjected direct or indirect retaliation by their employers.  Former employees (those who are no longer employed by a particular employer who had subjected them to employment and labor law violations) are fearful of brining actions against their former employers because they believe their

former employers might damage their future endeavors through negative references and/or other means. Class actions provide Class Members who are not named in the complaint with vindication of their rights while also protecting their privacy and shielding them from retaliation.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 1198; and the Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

37.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

38.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission. Labor Code § 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

39.     At all times relevant to this action, the Wage Order and California Labor Code § 1198 provided that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

40.     Throughout the Class Period, Defendants and/or their authorized supervisors repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage Order by failing to provide Plaintiff and the Class Members with a thirty (30) minute uninterrupted duty-free meal period within five (5) hours of the beginning of their shift, in violation of Labor Code  §§ 512, 226.7, and the Wage Order. Defendants also failed to compensate Plaintiff and the Class Members one (1) hour of wages for any of the missed meal periods not provided by Defendants, as alleged above, which failure also violated Labor Code

1    §§512 and 226.7 and the Wage Order.

2         41.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and

3    the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

4    regular hourly rate of compensation for each meal period violation as alleged herein.

5         42.    Defendants were at all times aware of the Labor Code and Wage Order

6    requirements that they provide Plaintiff and the Class Members with such meal periods and was

7    aware that Plaintiff and the Class Members regularly worked more than five (5) hours in a shift

8    without receiving mandated meal periods.  Thus, Defendants willfully violated the provisions of

9    Labor Code §§ 226.7 and 512 and the Wage Order.

10        43.    As a result of the unlawful conduct of Defendants, Plaintiff and the Class

11   Members have been deprived of wages and other compensation in amounts to be determined at

12   trial, and are entitled to recovery of such amounts.

13        44.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

14   for.

## SECOND CAUSE OF ACTION
### Failure to Provide Rest Periods or Compensation in Lieu Thereof
### (Labor Code §§ 226.7 and 1198; and The Wage Order)
### (Plaintiff and the Class Members against Defendants)

17        45.    Plaintiff and the Class Members allege and incorporate by reference all of the

18   allegations contained in the preceding paragraphs as though fully set forth herein.

19        46.    California Labor Code § 226.7 provides that no employer shall require an

20   employee to work during any rest period mandated by an applicable order of the California

21   Industrial Welfare Commission.  Labor Code Section 226.7 further provides that if an employer

22   fails to provide an employee a meal period or rest period in accordance with an applicable order

23   of the Industrial Welfare Commission, the employer shall pay the employee one additional hour

24   of pay at the employee's regular rate of compensation for each workday that the meal or rest

25   period is not provided.

26        47.    The Wage Order and California Labor Code § 226.7 provides that every employer

27   shall provide and shall authorize and permit all employees to take rest periods, which insofar as

28   practicable shall be in the middle of each work period, and that the rest period time shall be

-14-

based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, unless the total daily work time is less than three and one-half hours.

48.     Throughout the Class period, on days in which Plaintiff and the Class Members worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiff and the Class Members to work four (4) hours and/or a major fraction thereof without providing, authorizing or permitting at least one ten (10) minute rest period during which Plaintiff's and the Class Members were relieved of all duties (hereafter "rest period") per each four (4) hour period, or a major fraction thereof, worked.

49.     Throughout the Class Period, Defendants failed to pay Plaintiff and the Class Members a premium of one hour pay at their regular rate of pay for each rest period not provided, authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

50.     Defendants were at all times aware of the Labor Code and Wage Order requirements that they provide Plaintiff and the Class Members with the rest periods described above and were aware that Plaintiff and the Class Members regularly worked more than four (4) hours or major fraction thereof without receiving mandated rest periods.  Defendants therefore at all times willfully violated the provisions of Labor Code § 226.7 and the Wage Order.

51.     Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one (1) additional hour of pay at his regular hourly rate of compensation for each workday that a rest period was not provided. As a result of the unlawful conduct of Defendant, Plaintiff has been deprived of wages and compensation in amounts to be determined at trial, and is entitled to recovery of such amounts.

52.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### THIRD CAUSE OF ACTION
**Failure to Pay Hourly and Overtime Wages**
**(California Labor Code §§ 1194 and 1198; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

53.     Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

-15-

54.     Plaintiff and the Class Members base this cause of action upon Defendants' willful and intentional violations of the California Labor Code and Industrial Welfare Commission requirements that Defendants pay Plaintiff and the Class Members for all hours worked, including the requirement to pay premium overtime wages to Plaintiff and the Class Members for work they performed in excess of eight hours in a workday and/or 40 hours in a workweek, and/or on the seventh consecutive day in a workweek.

55.     Pursuant to Labor Code § 204, as well as other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

56.     Labor Code § 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

57.     Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

58.     The Wage Order provides that "such employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 ½ ) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek and for the first eight (8) on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek.

59.     Throughout the Class Period, Defendants required Plaintiff and the Class Members on a regular and repeated basis to work shifts exceeding eight hours in a workday, to work more than 40 hours in a workweek, which hours were often not recorded, without paying overtime premium wages at a rate of no less than one and one-half times their regular rate of pay.

60.     Throughout the Class Period, Defendants knew or had reason to know that Plaintiff and the Class Members were regularly and consistently required to work more than

-16-

1    eight hours in a day, work more than 40 hours in a week, perform work on the seventh day of

2    work in a workweek without being paid the appropriate premium overtime wage required by

3    Labor Code §§ 1194 and 1198, and the Wage Order.

4         61.    Throughout the Class Period, Defendants' conduct as alleged herein amounted to

5    a uniform pattern of unlawful wage and hour practices which resulted from the implementation

6    of uniform policies and practices by which Defendants failed to accurately record all hours

7    worked by Plaintiff and the Class Members thereby denying payment of overtime premium

8    wages to Plaintiff and the Class Members for overtime hours worked.

9         62.    In committing the violations of the California Labor Code as alleged herein,

10   Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

11   benefits in violation of the California Labor Code, the Industrial Welfare Commission

12   requirements and other applicable laws and regulations.

13        63.    As a direct result of Defendants' unlawful wage practices as alleged herein,

14   Plaintiff and the Class Members have been denied full compensation for all hours worked by

15   them, including but not limited to premium overtime wages for overtime hours.

16        64.    The Labor Code and the Wage order set forth various exemptions by which

17   certain categories of employees are exempt from the protections of the overtime laws contained

18   in the Labor Code. At no time during Plaintiff's employment did any of these exemptions apply

19   to Plaintiff and the Class Members. Moreover, at no time were Plaintiff and the Class Members

20   subject to a valid collective bargaining agreement that would preclude the causes of action set

21   forth in this complaint. Rather, Plaintiff and the Class Members bring this action because of

22   Defendants' violations of non-waiveable rights guaranteed to them by the State of California.

23        65.    As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the

24   Class Members the full and accurate amount of all earned wages at the appropriate rate for the

25   true number of hours they worked, Plaintiff and the Class Members have suffered and will

26   continue to suffer economic injuries in an amount which is presently unknown to them and

27   which will be ascertained according to proof at trial.

28        66.    In performing the acts and practices in violation of California labor laws as herein

-17-

*Guynn-Neupane v. Magna Legal Services, LLC*          First Amended Class and Representative Action
Case No. 5:19-cv-02652-VKD                                   Complaint; Demand for Jury Trial

alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously towards Plaintiff and the Class Members, with a conscious disregard for their legal rights and the consequences to them, and with the intent of depriving them of their property and legal rights and otherwise causing them injury, in order to increase Defendants' profits at the expense of Plaintiff and the Class Members.

67.    Plaintiff and the Class Members request recovery of all unpaid wages, including overtime premium wages, in an amount according to proof, interest on such amounts, statutory costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as provided by the California Labor Code and/or other applicable statutes. In addition, to the extent that overtime compensation is owed Plaintiff and the Class Members whose employment has been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiff and the Class Members to waiting time penalties under Labor Code § 203, which penalties are sought herein on behalf of Plaintiff and the Class Members.

68.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**(Labor Code §§ 1194, 1197 and 1199; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

69.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

70.    Labor Code §1197 provides that it is unlawful to pay less than the minimum wage established by law.  Throughout the Class Period, Defendants repeatedly failed to pay Plaintiff and the Class Members the minimum wage for all hours worked, as required by the applicable wage order, violating the provisions of Labor Code §1197.

71.    Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

72.    Throughout the Class Period, Defendants' conduct as alleged herein amounted to

-18-

1   a uniform pattern of unlawful wage and hour practices which resulted from the implementation

2   of uniform policies and practices by which Defendants failed to accurately record all hours

3   worked by Plaintiff and the Class Members thereby denying payment of minimum wages to

4   Plaintiff and the Class Members for hours worked.

5       73.    Throughout the Class Period, Defendants maintained and enforced a uniform

6   policy by which they required Plaintiff and the Class Members to perform work without being

7   paid at least minimum wage for the work performed.  Pursuant to this policy, Plaintiff and the

8   Class Members were required to record a one-hour meal period while continuing to perform

9   work.

10      74.    In committing the violations of the California Labor Code as alleged herein,

11  Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

12  benefits in violation of the California Labor Code, the Industrial Welfare Commission

13  requirements and other applicable laws and regulations.

14      75.    As a direct result of Defendants' unlawful wage practices as alleged herein,

15  Plaintiff and the Class Members have been denied full compensation for all hours worked by

16  them, including but not limited to minimum wages for hours worked.

17      76.    Pursuant to Labor Code §1199, an employer who (a) requires or causes any

18  employee to work for longer hours than those fixed, or under conditions of labor prohibited by

19  an order of the commission (b) pays or causes to be paid to any employee a wage less than the

20  minimum fixed by an order of the commission and (c) violates and refuses or neglects to comply

21  with any provision of this chapter or any order or ruling of the commission, is punishable by a

22  fine of not less than $100.00.

23      77.    Plaintiff and the Class Members are entitled to recover wages from Defendants, in

24  an amount to be proven at trial, because of Defendants' payment of wages less than minimum

25  wage.

26      78.    Plaintiff and the Class Members were required to retain attorneys to bring this

27  action and are entitled to interest an award of reasonable attorneys' fees pursuant to Labor Code §

28  1194.  Plaintiff and the Class Members are entitled to liquidated damages pursuant to Labor

-19-

Code § 1194.2.

79.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### FIFTH CAUSE OF ACTION
**Failure to Comply with Itemized Employee Wage Statement Requirements
(California Labor Code §§ 226, 1174 and 1175; and The Wage Order)
(Plaintiff and the Class Members against Defendants)**

80.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs, as though fully set forth herein.

81.    Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiff and the Class Members.

82.    Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

83.    Labor Code § 226(a) and the Wage Order provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the last four digits of the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee.  Labor Code § 226(a) mandates that deductions made from payments of wages

-20-

1   shall be recorded in ink, properly dated and a copy of the statement or a record of deductions be

2   kept on file by the employer for at least three years.  Moreover, the Wage Order requires

3   Defendants to maintain time records for each employee showing, including but not limited to, an

4   accurate report of the total hours worked by each employee, when the employee begins and ends

5   each work period, meal periods, and total daily hours worked in itemized wage statements, and

6   all deductions from payment of wages.

7           84.     Throughout the Class Period, Defendants have regularly and consistently,

8   intentionally and willfully, failed to provide Plaintiff and the Class Members with complete and

9   accurate wage statements.

10          85.     The Wage Order provides that an employer must keep accurate information with

11  regard to each employee, which shall include time records showing when the employee begins

12  and ends each work period, split shift intervals, total daily hours worked and total hours worked

13  in the pay period and the applicable rates of pay.

14          86.     Throughout the Class Period, Defendants continually failed to keep accurate

15  records and information with regard to Plaintiff and the Class Members as required by the Wage

16  Order.  Defendants repeatedly provided Plaintiff and the Class Members with wage statements

17  that, among other inaccuracies, failed to include complete and accurate information on the

18  following: (1) gross wages earned; (2) total hours worked by each Plaintiff and the Class

19  Members; (3) all deductions from  wages; (4) net wages earned; (5) the inclusive dates of the

20  period for which Plaintiff and the Class Members were paid; (6) Plaintiff's and the Class

21  Members' names and the last four digits of their social security number or an employee

22  identification number other than a social security number; (7) the name and address of the legal

23  entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and

24  the corresponding number of hours worked at each hourly rate by Plaintiff and the Class

25  Members.

26          87.     As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as

27  well as the Wage Order, Plaintiff and the Class Members have suffered injury and damage to

28  their statutorily-protected rights.  These injuries and damages include, but are not limited to, the

-21-

*Guynn-Neupane v. Magna Legal Services, LLC*                    First Amended Class and Representative Action
Case No. 5:19-cv-02652-VKD                                              Complaint; Demand for Jury Trial

denial of their legal right to receive and their protected interest in receiving accurate, itemized wage statements under Labor Code § 226(a).  Moreover, the inaccurate and incomplete wage statements provided by Defendants deceived Plaintiff and the Class Members about the wages and other compensation to which they were entitled and deprived them of such wages and compensation.  As a further result of Defendants' failure to provide Plaintiff and the Class Members with accurate wage statements in accordance with Labor Code § 226 and to keep accurate time records as required by the Wage Order, Plaintiff and the Class Members have suffered injuries and are entitled to penalties under Labor Code § 226 and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to a civil penalty in the amount of $250.00 per employee per violation in an initial citation.  The civil penalty provided for in this section is in addition to any other penalty provided by law, in an amount to be proven at trial.   The injuries suffered by Plaintiff and the Class Members include, but are not limited to, having been, and continuing to be, forced to conduct investigations and perform mathematical computations in an attempt to reconstruct their time records; the inability to reconstruct their time records; the inability to discern the amount of wages they were paid and/or the applicable wage rate; the inability to determine the number of hours, including but not limited to, overtime hours they worked; the inability to determine the number of rest periods and meal periods they were forced to forego; the inability to determine whether they were compensated for all meal and rest periods of which they had been deprived; the inability to determine whether they were paid all wages due for work they performed; the inability to determine the amount of wages owing and unpaid; having been, and continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

88.     Plaintiff and the Class Members are further entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000.00.

89.     Plaintiff and the Class Members are also entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(g).

90.     Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a

knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.  Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and reasonable attorneys' fees.

91.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### SIXTH CAUSE OF ACTION
**Failure and Refusal to Pay Agreed Wages**
**(California Labor Code § 201, 202, 204, 216, 218, 221, 223, 1194, 1198; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

92.     Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

93.     Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 1194 and 1198, together with the Wage Order, provide that employees have an immediate and vested right to receive agreed wages for work they were engaged, suffered and permitted to perform.

94.     Throughout the Class Period, as a result of uniform policies maintained and enforced by Defendants, the object and/or foreseeable consequence of which were to deny such wages to Plaintiff and the Class Members, Defendants employed Plaintiff and the Class Members at agreed wages and refused to pay such wages to Plaintiff and the Class members for all hours they worked.

95.      Defendants at all times knew or had reason to know that Plaintiff and the Class Members were performing work without pay and that the practices referenced above deprived Plaintiff and the Class Members of wages for work performed by them.

96.     At all times herein alleged, Labor Code § 223 provided, in relevant part: "Where any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by . . . contract."  At all times herein alleged, Plaintiff, the Class Members and Defendants were parties to an

-23-

employment contract pursuant to which they had agreed Plaintiff and the Class Members were to be paid a designated wage scale, which included but was not limited to, not less than minimum wage per hour for each hour worked, and the payment of overtime premium wages and meal and rest period premiums as required by the Labor Code and the Wage Order.  By repeatedly and consistently failing to pay regular wages to Plaintiff and the Class Members at the agreed wage scale and failing to pay premium overtime wages and meal and rest period premiums as required by the Labor Code and the Wage Order, elsewhere alleged herein, Defendants violated Labor Code § 223, depriving Plaintiff of the payment of wages according to the agreed wage scale.

97.    Pursuant to Labor Code § 216, Defendants are guilty of a misdemeanor for willfully refusing "to pay wages due and payable after demand has been made."

98.    Defendants continually failed and refused to pay to Plaintiff and the Class Members all wages earned, despite demands being made.

99.    Pursuant to Labor Code § 225.5, an employer who unlawfully withholds wages due to an employee in violation of § 216 shall be subject to a civil penalty.  One hundred dollars ($100) is assessed for the initial violation for each failure to pay each employee, and two hundred dollars ($200) for each subsequent violation, in addition to 25 percent of the amount unlawfully withheld.

100.    As a direct and proximate result of Defendants' willful refusal to pay all wages due to Plaintiff and the Class Members, Defendants are liable for wages owing and unpaid, with interest thereon, and for penalties under Labor Code § 225.5.

101.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### SEVENTH CAUSE OF ACTION
**Failure to Pay All Wages Upon Termination**
**(California Labor Code §§ 201, 202 and 203; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

102.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

103.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue

-24-

as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

104.    Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

105.    Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

106.    Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty.  Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

107.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**EIGHTH CAUSE OF ACTION**
**Failure to Pay Wages Timely**
**(California Labor Code § 204)**
**(Plaintiff and the Class Members against Defendants)**

108.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

109.    Labor Code Section 204 provides in relevant part: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

-25-

110.    Throughout the Class Period, Defendants failed to pay compensation to Plaintiff and the Class Members for all hours they worked, including straight time, overtime wages, meal and rest period premiums, in violation of Labor Code §204.

111.    Defendants' violations of California Labor Code §204 were at all times repeated, willful and intentional.

112.    Plaintiff and the Class Members have been damaged by said violations of California Labor Code §§ 201, 202, 204, 1198 and the Wage Order.

113.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

## NINTH CAUSE OF ACTION
**Unfair Business Practices**
**(California Business and Professions Code §§ 17200 et seq. and Common Law)**
**(Plaintiff and the Class Members against Defendants)**

114.    Plaintiff and the Class Members hereby incorporate each of the preceding paragraphs of this Complaint as if fully alleged herein.

115.    Plaintiff and the Class Members suffered direct injury as a result of the Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of Civil Procedure § 382 and Federal Rules of Civil Procedure 23. The deprivation by Defendants of Plaintiff and the Class Members of wages due and lawful meal and rest periods, and Defendants' provision of inaccurate wage statements, are unlawful business practices within the meaning of Business and Professionals Code § 17200, et seq. including, but not limited to, a violation of the Wage Order, regulations, and statutes, and further, whether or not in violation of the aforementioned Wage Order, regulation and statutes, amount to practices which are otherwise unfair.

116.    Under Business and Professions Code § 17200, et seq., including, but not limited to §§ 17201, 17203, and 17208, Plaintiff asserts standing on behalf of herself and on the behalf of each of the members of the class alleged herein.  Plaintiff and the Class Members seek, among others, restitution of compensation due during the Class Period.

117.    Throughout the Class Period, Defendants have committed violations of law, as described herein, including, but not limited to:

-26-

1          a.     Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants'

2  failure to provide Plaintiff and the Class Members with meal and rest periods or compensation in

3  lieu thereof, as herein alleged;

4          b.     Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay

5  overtime wages to Plaintiff and the Class Members as herein alleged;

6          c.     Violation of Labor Code §§ 1194, 1197 and 1197.1 for Defendants' failure

7  to compensate Plaintiff and the Class Members for all hours worked with at least minimum

8  wages as herein alleged;

9          d.     Violations of Labor Code § 226(a) for failure to provide accurate wage

10  statements to Plaintiff and the Class Members as herein alleged;

11          e.     Violation of Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 1194 and

12  1198 for Defendants' failure to provide Plaintiff and the Class Members agreed wages for all

13  hours they worked;

14          f.     Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all

15  earned wages to Plaintiff and the Class Members upon discharge as herein alleged;

16          g.     Violation of Labor Code §§ 201, 202 and 204 for failure to pay all earned

17  wages owed to Plaintiff and other aggrieved employees during employment as set forth more

18  fully below;

19          h.     Violation of Labor Code § 1198 and the Wage Order for failure to keep

20  accurate records with respect to each employee.

21      118.    These unlawful and unfair business practices defeat the public interest purposes of

22  the State's labor laws, as set forth in the sections of the California Labor Code, the California

23  Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which

24  promote compliance with labor laws and employment regulations by participants in Defendants'

25  industry.

26      119.    Defendants' unfair and unlawful business practices thus have violated the sections

27  of the Labor Code, California Code of Regulation and the Wage Order referenced in this

28  complaint and have imposed harm on their employees and their competitors and will continue to

do so until abated.  As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiff and the Class Members and they have been unjustly enriched at Plaintiff's and the Class Members' expense.  Plaintiff and the Class Members are entitled to restitution of the wages and monies withheld and retained by Defendants during the Class Period and a preliminary and permanent injunction requiring Defendants to pay all wages and sums due to Plaintiff and the Class Members, to provide mandatory rest and meal breaks, and to provide accurate and complete wage statements.

120.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class Members have suffered injury and loss of money.

121.    This action will result in the enforcement of an important right affecting the public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiff and the Class Members, and the general public.  Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an award of reasonable attorneys' fees according to proof.

122.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter prayed for.

## TENTH CAUSE OF ACTION
### Violation of Labor Code § 2698, *et seq*
### (Against All Defendants by Plaintiff and on Behalf of the Class)

123.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 122 as though fully set for herein.

124.    Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees for Defendant's violations of the above-referenced Labor Codes.

125.    On or about April 11, 2019, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violations of the above-referenced Labor Codes, pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act ("PAGA").  As of the date of the filing of this Complaint, the LWDA has not informed Plaintiff whether the LWDA intends to investigate Plaintiff's claims.  As such, Plaintiff has exhausted her

administrative remedies under the PAGA and may proceed in this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class Members prays as follows:

**CLASS CERTIFICATION**

1. That this action be certified as a class action and that the class identified herein be certified;

2. That Plaintiff be appointed as the representative of all the Class Members;

3. That counsel for Plaintiff be appointed as class counsel.

**AS TO THE FIRST CAUSE OF ACTION**

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal periods to Plaintiff and the Class Members;

5. That the Court grant an award to Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6. For all actual, consequential and incidental losses and damages, according to proof;

7. For premiums pursuant to California Labor Code § 226.7(b);

8. For prejudgment interest on any unpaid wages for the date such amounts were due;

9. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210 and 211; and

10. For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SECOND CAUSE OF ACTION**

11. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and the Class Members;

12. That the Court grant an award to the Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period

was not provided;

13.    For all actual, consequential and incidental losses and damages, according to proof;

14.    For premiums pursuant to California Labor Code § 226.7(b);

15.    For prejudgment interest on any unpaid wages for the date such amounts were due;

16.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210 and 211; and

17.    For such other further relief as the Court may deem equitable and appropriate.
### AS TO THE THIRD AND FOURTH CAUSE OF ACTION

18.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194, 1197 and 1198, and the Wage Order by willfully failing to pay overtime wages to Plaintiff and the Class Members;

19.    That the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay overtime wages due to Plaintiff and the Class Members;

20.    For all actual, consequential and incidental losses and damages, according to proof;

21.    For prejudgment interest on any unpaid wages for the date such amounts were due;

22.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 218.6, 558, 1194, and 1197; and

23.    For such other further relief as the Court may deem equitable and appropriate.
### AS TO THE FIFTH CAUSE OF ACTION

24.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226 and the Wage Order as to Plaintiff and the Class Members and that Defendants willfully failed to provide accurate itemized wage statements to Plaintiff and the Class Members;

25.    For all actual, consequential and incidental losses and damages, according to proof;

1    26.    For statutory penalties pursuant to California Labor Code § 226(e);

2    27.    For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

3    California Labor Code § 226(g);

4    28.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5    herein pursuant to California Labor Code § 226.3; and

6    29.    For such other further relief as the Court may deem equitable and appropriate.

7                    **AS TO THE SIXTH CAUSES OF ACTION**

8    30.    That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code §§ 201, 202, 216, 218, 221, 223, 1194, 1198 and the Wage Order by willfully failing

10   to pay agreed wages due to Plaintiff and the Class Members;

11   31.    That the Court grant an award to Plaintiff and the Class Members for Defendants

12   willfully failing to pay agreed wages due to Plaintiff and the Class Members;

13   32.    For all actual, consequential and incidental losses and damages, according to

14   proof;

15   33.    For prejudgment interest on any unpaid wages for the date such amounts were

16   due;

17   34.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

18   herein pursuant to California Labor Code §§ 210, 211, 216, 218.5, 218.6, and 1194; and

19   35.    For such other further relief as the Court may deem equitable and appropriate.

                    **AS TO THE SEVENTH AND EIGHTH CAUSES OF ACTION**

20   36.    That the Court declare, adjudge and decree that Defendants violated California

21   Labor Code §§ 201, 202, 203, and 204(b) by willfully failing to pay all compensation owed at

22   the time of Plaintiff and the Class Members termination of employment and willfully failing to

23   timely pay all compensation owed;

24   37.    For all actual, consequential and incidental losses and damages, according to

25   proof;

26   38.    For statutory wage penalties in favor of Plaintiff and the Class Members that have

27   left Defendants' employment, pursuant to California Labor Code §§ 203, 204, and 210;

28   39.    For prejudgment interest on any unpaid wages for the date such amounts were

-31-

1   due;

2   40.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred

3   herein pursuant to California Labor Code §§ 203, 210, 211, 218.5, 218.6, and 1194; and

4   41.     For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE NINTH CAUSE OF ACTION**

5   42.     That the Court declare, adjudge and decree that Defendants violated Business and

6   Professions Code § 17200 et seq., by failing to provide all meal and rest periods to Plaintiff and

7   the Class Members, failing to pay for all missed meal and rest periods to Plaintiff and the Class

8   Members, failing to pay overtime premiums, failing to pay at least minimum wage; failing to

9   provide accurate and complete wage statements, failing to pay agreed wages, and failing to

10  timely provide Plaintiff and the Class Members all compensation due to them during their

11  employment and after the termination of their employment.

12  43.     For restitution of unpaid wages and penalties to Plaintiff and the Class Members,

13  and for prejudgment interest from the day such amounts were due and payable;

14  44.     For the appointment of a Receiver to receive, manage and distribute any and all

15  funds disgorged from Defendants and determined to have been wrongfully acquired by

16  Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

17  45.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

18  of Civil Procedure § 1021.5;

19  46.     For injunctive relief to ensure compliance with this section, pursuant to Business

20  and Professions Code § 17200 et seq.; and

21  47.     For such other and further relief as the Court may deem equitable and appropriate.

22  **AS TO THE TENTH CAUSE OF ACTION**

23  48.     For unpaid wages pursuant to California Labor Code § 558;

24  49.     For civil penalties and reasonable attorneys' fees and costs of suit incurred herein

25  pursuant to California Labor Code §§2699; and

26  50.     For such other and further relief as the Court may deem equitable and appropriate.

27  ///

28  ///

-32-

1

## DEMAND FOR JURY TRIAL

2

Plaintiff and members of the Class hereby demand trial of their claims by jury to the

3

extent authorized by law.

4

Date: June 21, 2019                              FITZPATRICK & SWANSTON

5                                                DIVERSITY LAW GROUP, P.C.

6

7                                        By: _/s/ Larry W. Lee_____

8                                            B. James Fitzpatrick, Esq.
                                             Larry W. Lee, Esq.

9                                            Attorneys for Plaintiff,
                                             NAOMI GUYNN-NEUPANE on behalf of

10                                           herself and all other similarly situated
                                             employees

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-